ANN M. DONNELLY, United States District Judge:
*507 The plaintiff Wen Dong Zhao brings this action tinder the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking documents from the defendant United States Department of State. The plaintiff claims that he submitted "research documents" to the United States Embassy in Bangkok, Thailand in 2003. More than 13 years later, he submitted a FOIA request for his own documents. The State Department conducted an extensive search and informed the plaintiff that it found no responsive records. The defendant now moves for summary judgment on the ground that it conducted a reasonable search, and has met its obligations under FOIA. For the following reasons, the defendant's motion for summary judgment is granted.
BACKGROUND
I. Procedural History
On October 12, 2016, the plaintiff made a FOIA request to the State Department for research materials that he claims he submitted to the U.S. Embassy in 2003.[1] (ECF No. 25 ¶ 1; ECF No. 24-1 at 1.)[2] The plaintiff explained in his request that on four separate occasions between January 2003 and August 2003, he delivered his research materials regarding the Iraq War to the U.S. Embassy. (ECF No. 25 ¶ 2; ECF No. 24-1 at 1.) In a response dated October 25, 2016, the State Department explained that it had assigned a case number to his request and would notify him when responsive documents had been identified. (ECF No. 25 ¶ 3; ECF No. 24-1 at 3.)[3] On November 21, 2016, the plaintiff appealed to the State Department, claiming that it had failed to respond to his FOIA request (ECF No. 25 ¶ 5; ECF No. 24-1 at 6); on December 8, 2016, the State Department responded that it was still processing the plaintiff's request (ECF No. 25 ¶ 6; ECF No. 24-1 at 7),[4] and thus, the plaintiff's appeal was not appropriate. On March 31, 2017, the State Department sent the plaintiff a letter informing him that it had completed its search for the requested documents, and that there were no responsive documents. (ECF No. 25 ¶ 38; ECF No. 24-1 at 8.) On December 27, 2016, the plaintiff brought this action seeking the requested documents under FOIA. (ECF No. 1.)
II. The State Department's Search
The State Department reviewed the plaintiff's request and determined that the following offices or record systems might have responsive documents: the Bureau of Near Eastern Affairs, which advises the Secretary of State on matters in North Africa and the Middle East (ECF No. 25 *508 ¶ 12); the U.S. Embassy; the Retired Records Inventory Management System; and the State Archiving System. (Id. ¶ 9.)
At the Bureau of Near Eastern Affairs ("NEA"), an NEA Area Management Officer who was knowledgeable about the plaintiff's FOIA request determined that the requested records could be in the Office of Regional and Multilateral Affairs ("RMA") or the Office of Iraq Affairs. (ECF No. 25 ¶ 13.) The Officer identified these offices as potential sources because the RMA coordinates NEA briefing materials for the State Department concerning the Near East, and the Office of Iraq Affairs monitors developments in Iraq. (Id. ) Individuals at both offices searched electronic files using the search terms "Wen Dong Zhao," "Wen," "Dong," "Zhao," and "Iraq War," so that the searches would find documents if they included any one of these terms. (Id. ¶¶ 14-15; ECF No. 24 ¶¶ 16-17.) The offices also searched Iraq War paper files from January 2003 through August 2003. (ECF No. 25 ¶¶ 14-15.) Neither office located any responsive documents. (Id. ¶ 16)
At the U.S. Embassy, the Consul General and an Information Management Officer determined that the Regional Security Office ("RSO") and the Engineering Service Center ("ESC") might have responsive records. (Id. ¶ 18.) Staff members searched the RSO electronic files using the search terms "Wen Dong Zhao," "Zhao Wen Dong," "Wen," "Dong," and "Zhao." (Id. ¶ 21; ECF No. 24 ¶ 21.) The ESC also searched its electronic files, using the same search terms except for "Zhao Wen Dong." (ECF No. 25 ¶ 24.) Both offices searched their paper files for responsive documents. (Id. ¶¶ 21, 24.) These searches were not limited by date and applied to records from 2002 and later. (Id. ¶¶ 22, 24.) The RSO's and ESC's searches yielded no documents responsive to the plaintiff's FOIA request. (Id. ¶ 25.)
The Retired Records Inventory Management System ("RIMS") tracks retired records and allows analysts to search the content of the retired files' manifests and locate particular documents in retired file boxes. (ECF No. 25 ¶ 27.) A State Department analyst who was familiar with the plaintiff's request searched RIMS using the terms "Zhao" in conjunction with "Bangkok," "Wen Dong Zhao," "Zhao Wen Dong," and "Darryl N. Johnson" for documents dated January 1, 2003 through August 31, 2003. (ECF No. 25 ¶ 28.) This search identified seven boxes of retired paper files, which were manually reviewed. (Id. ) No responsive materials were located. (Id. ¶ 29.)
The State Archiving System ("SAS") enables searches of millions of records that include official copies of the following: correspondences with the White House, members of Congress, and other federal agencies; cables between the State Department and Foreign Service posts; position papers and reports; interoffice memoranda and memoranda of conversations; diplomatic notes; and retired records. (Id. ¶¶ 30-31.) These records are generally fully text searchable, and for those that are not-usually older documents-SAS searches the text of a reference index. (Id. ¶¶ 32-33.) An analyst well-versed with SAS and familiar with the plaintiff's FOIA request applied the search terms "Wen Dong Zhao;" and "Zhao" in conjunction with "Bangkok" on documents dated January 1, 2003 through August 31, 2003. (Id. ¶ 34.) Again, the search yielded no responsive documents. (Id. )
The State Department would have considered the plaintiff's unsolicited research materials "information involving no administrative action, policy decision, or special compilations or research;" the materials *509 were "temporary" records, which were likely destroyed 90 days after receipt. (Id. ¶¶ 35-36; ECF No. 23 at 13; ECF No. 28 at 5.)
DISCUSSION
Summary judgment is appropriate only if the parties' submissions show that there is "no genuine dispute as to any material fact," and that the movant is therefore "entitled to judgment as matter of law." Fed. R. Civ. P. 56(a) ; see also Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The movant has the "burden of showing the absence of any genuine dispute as to a material fact." McLee v. Chrysler Corp. , 109 F.3d 130, 134 (2d Cir. 1997). "Once the moving party has met this burden, the party opposing summary judgment must identify specific facts and affirmative evidence that contradict those offered by the moving party to demonstrate that there is a genuine issue for trial." Ethelberth v. Choice Sec. Co. , 91 F.Supp.3d 339, 349 (E.D.N.Y. 2015) (citing Celotex Corp. v. Catrett , 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ). The nonmoving party "must offer some hard evidence," not merely speculation, "showing that [its] version of the events is not wholly fanciful." Id. (quoting D'Amico v. City of N.Y. , 132 F.3d 145, 149 (2d Cir. 1998) ). The court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. Kaytor v. Elec. Boat Corp. , 609 F.3d 537, 545 (2d Cir. 2010).
"Summary judgment is the preferred procedural vehicle for resolving FOIA disputes." Labella v. F.B.I. , No. 11-0023CV, 2012 WL 948567, at *6 (E.D.N.Y. Mar. 19, 2012) (citation omitted). To secure summary judgment in a FOIA case, the defendant agency must show that it conducted an adequate search and that any withheld documents fall within a FOIA exemption. See Adamowicz v. I.R.S. , 402 F. App'x 648, 650 (2d Cir. 2010) (summary order); Carney v. U.S. Dep't of Justice , 19 F.3d 807, 812 (2d Cir. 1994). An agency conducts an adequate search where its search is "reasonably designed to identify and locate responsive documents." Davis v. U.S. Dep't of Homeland Sec. , No. 11-203CV, 2013 WL 3288418, at *6 (E.D.N.Y. June 27, 2013) (quoting Garcia v. U.S. Dep't of Justice, Office of Info. & Privacy , 181 F.Supp.2d 356, 368 (S.D.N.Y. 2002) ); Sussman v. U.S. Dep't of Justice , No. 03-3618CV, 2006 WL 2850608, at *10 (E.D.N.Y. Sept. 30, 2006) (The adequacy of a search turns on "whether the agency's search was reasonably calculated to discover the requested documents.") (citation omitted). An agency is "not expected to take extraordinary measures to find the requested records," nor is it obligated to "search every record system" or use "all possible variants of a particular name or search term." Conti v. U.S. Dep't of Homeland Sec. , No. 12-5827CV, 2014 WL 1274517, at **11, 15 (S.D.N.Y. Mar. 24, 2014) (citation omitted).
In a FOIA action, the district court may grant summary judgment in favor of an agency "on the basis of agency affidavits" if they are (1) reasonably detailed rather than "merely conclusory" and (2) "not called into question by contradictory evidence in the record or by evidence of agency bad faith." Grand Cent. P'ship., Inc. v. Cuomo , 166 F.3d 473, 478 (2d Cir. 1999) (quoting Gallant v. NLRB , 26 F.3d 168, 171 (D.C. Cir. 1994) ). "[A]n agency affidavit or declaration must describe in reasonable detail the scope of the search and the search terms or methods employed." Davis , 2013 WL 3288418, *6 (citations omitted). Specifically, the affidavit "should identify the searched files and describe at least generally structure of the agency's file system which renders any *510 further search unlikely to disclose additional relevant information." Katzman v. CIA , 903 F.Supp. 434, 438 (E.D.N.Y. 1995) (internal quotation marks and citation omitted). Agency affidavits are also presumed to be submitted in good faith, Grand Cent. P'ship, Inc. , 166 F.3d at 489, but can be rebutted by tangible evidence of bad faith, see Carney , 19 F.3d at 813. Bare allegations and speculation of bad faith cannot rebut the good faith presumption. Conti , 2014 WL 1274517, at *26.
The plaintiff does not dispute the defendant's description of the various searches it undertook. Rather, he claims that the State Department should have used specific search terms and should have produced a video tape of him delivering his research materials in 2003. Neither argument is persuasive.
The plaintiff argues that the defendant should have employed different search terms like "Zhao Wen Dong," "Saddam Hussein," and "any of the key words used in the slogan by [the] United States in [the] Iraq War."[5] (ECF No. 27 at 5.) In fact, the State Department did search for "Zhao Wen Dong" in RSO and RIMS, and the ESC, the RMA, and the Office of Iraq Affairs searched for different iterations of the plaintiff's name, which would have captured any document with the term "Zhao Wen Dong." (ECF No. 25 ¶¶ 14-15, 21, 24, 28; ECF No. 24 ¶ 21.) In any event, the State Department is not obligated to use "all possible variants of a particular name or search term." Conti , 2014 WL 1274517, at *15.
Nor has the plaintiff shown that the State Department's failure to search for "Saddam Hussein" and key words from the "slogan by [the] United States in [the] Iraq War" was unreasonable. The State Department searched for documents that included several iterations of the plaintiff's name, "Bangkok" (where he claims to have delivered the materials), and "Iraq War." (ECF No. 25 ¶¶ 14-15, 21, 24, 28, 34.) The plaintiff did not mention Saddam Hussein in his FOIA request or detail the contents of the materials. Rather, he stated only that the materials were "regarding the Iraq war." (ECF No. 24-1 at 1.) Given the plaintiff's own description of what he wanted, the State Department's search terms and methods were "reasonably designed to identify and locate responsive documents." Davis v. U.S. Dep't of Homeland Security , No. 11-203CV, 2014 WL 4101477, at **1-2 (E.D.N.Y. Aug. 14, 2014) (Search terms that "included the city names and airport codes identified in plaintiff's request as well as plaintiff's name and identifying information" were reasonably tailored.).
The plaintiff also faults the State Department's for failing "to provide the videos of the security cameras ... showing [that] Plaintiff had submitted his research documents to the [U.S. Embassy]." (ECF No. 27 at 5-6.) The plaintiff made no such request; he requested only his research materials. (ECF No. 24-1 at 1.) A plaintiff is "not entitled to documents outside the scope of his request," Conti , 2014 WL 1274517, at *27.[6]
*511 The plaintiff makes a general challenge to the adequacy of the Slate Department's search and Eric Stein's declaration, but does not rebut the presumption that the declaration was made in good faith or present any contradictory evidence.[7] (ECF No. 27 at 4.) The Stein Declaration details the procedure that the defendant used to process the plaintiff's request, and identifies the offices and systems were searched, the general structure of each office and system, who conducted each search, and the search terms applied. (See ECF No. 24.) This "relatively detailed and non-conclusory" declaration supports a grant of summary judgment. Davis , 2013 WL 3288418, at *6 (citation omitted).
The State Department has established that it performed an adequate search in response to the plaintiff's FOIA request.
CONCLUSION
For the foregoing reasons, I grant the defendant's motion for summary judgment. The Clerk is respectfully directed to enter judgment in favor of the defendant, dismissing this case.
SO ORDERED.

The plaintiff faxed this identical FOIA request to the State Department again on November 2, 2016. (ECF No. 25 ¶ 4; ECF No. 24-1 at 5.)

The plaintiff does not dispute the facts detailed in the defendant's 56.1 statement (see ECF No. 32); thus, under Local Civil Rule 56.1(c), the facts in the 56.1 statement are deemed admitted.

The plaintiff denies that he received the October 25, 2016 letter, but does not deny that the State Department responded. (ECF No. 32 ¶ 3.)

The plaintiff denies that the State Department sent the December 8, 2016 response. (ECF No. 32 ¶ 6.)

The plaintiff does not give any specifics about the content of this slogan. The plaintiff states in his affidavit that: "America uses 'Saddam Hussein was dead and they didn't need to give their life [sic] to Saddam Hussein anymore' as the advertisement" (ECF 27-1 ¶ 16), but does not clarify whether this "advertisement" is the slogan referenced in the brief. Even assuming it is, the plaintiff does not identify particular search terms other than "Saddam Hussein," which he already asserts should have been a term.

The State Department does not deny that the plaintiff delivered the research materials to the U.S. Embassy, but submits that the materials were likely destroyed under the governing recordkeeping protocol. (ECF No. 28 at 5.)

Stein has been the Director of the Office of Information Programs and Services of the State Department since January 22, 2017. (ECF No. 24 ¶ 1.) He is the State Department official "immediately responsible for responding to requests for records" under FOIA. (Id. )